## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-34 Erie |
| | ) | |
| DENNIS SHAMMOND ROBINSON | ) | |

## **MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., District J.,

Presently pending before the Court is the Defendant's motion for relief under 18 U.S.C. § 3582(c)(2). That statute empowers the district court to modify a sentence in cases where the original sentence was based on a range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). Such is the case here.

Defendant was originally sentenced on December 8, 2006 to a term of 40 months' imprisonment after pleading guilty to possession with the intent to distribute and distribution of less than five grams of cocaine base. This sentence was based on the U.S. Sentencing Guidelines in existence at the time which, pursuant to §2D1.1, assigned a base offense level of 22 for the type and amount of drugs at issue (i.e., 3.3 grams of cocaine base). Allowing a 3-level reduction for the Defendant's acceptance of responsibility, the final offense level was 19. Application of this final offense level against the Defendant's Criminal History Category of III produced a Guidelines range of 37 to 46 months. Given the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court treated this range as advisory and imposed a sentence at the lower end of that range.

Subsequently, the United States Sentencing Commission amended §2D1.1 so as to decrease the base offense levels applicable to specific weights of cocaine base.

*See* USSG, Supp. to App. C., Amdt. 706. This so-called "crack amendment" – also known as "Amendment 706" -- became effective November 1, 2007, *id*., and was later made retroactive, effective March 3, 2008, under authority granted to the U.S. Sentencing Commission's pursuant to 18 U.S.C. § 3582(c)(2).[1]

Under the amended Guidelines, the base offense level that would now apply to Defendant's offense is 20, and the final offense level (after accounting for the Defendant's acceptance of responsibility) is 17. Assuming a Criminal History Category of III, the new sentencing range is 30 to 37 months. Both Defendant and the United States agree that a modified sentence of 32 months' incarceration in Defendant's case would reflect a sentence proportional to the one originally imposed.

Defendant, however, maintains that this Court should go further. In fact, it is Defendant's position that his sentence can and should be reduced below the new Guidelines range to a term of 22 months' incarceration. In addition, Defendant posits that he has a right to appear before the Court in connection with a § 3582(c)(2) proceeding. I will address these issues in order.

A.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court "may not modify a term of imprisonment once it has been imposed, except that":

> ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may reduce the term of imprisonment*, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] The Sentencing Commission made the crack amendment retroactive by including it in the list of retroactive amendments in § 1B1.10 of the Guidelines, effective March 3, 2008. *See* Fed. Reg. 217-01 (2008); USSG § 2B1.10 (Supp. March 3, 2008).

18 U.S.C. § 3582(c)(2) (emphasis added). As the language of the statute indicates, the reduction of a sentence under § 3582(c)(2) is not an automatic right for the defendant but rather a matter subject to the sentencing court's discretion.

In this case, there is no dispute that the Defendant's circumstances make him eligible for relief under § 3582(c)(2). The primary disagreement between the parties is whether, in the event I were to grant the Defendant's motion for a reduced sentence, I would have the authority to impose a sentence of less than 30 months' incarceration.

To phrase the debate slightly differently, the parties disagree as to whether *Booker* has any application in the context of a §3582(c)(2) proceeding. In *Booker*, of course, the Supreme Court held that a mandatory Sentencing Guidelines system violated the Sixth Amendment and further ruled that the appropriate remedy was to excise the statutory provision that made the Guidelines mandatory. *See Booker*, 543 U.S. at 226-27, 245 (excising 18 U.S.C. § 3553(b)(1) (2000 ed., Supp. IV) and explaining that this modification "makes the Guidelines effectively advisory"). Defendant contends that, in revisiting his sentence, the Guidelines, their commentary, and the Sentencing Commission's policy statements are now to be treated as advisory.

The government disagrees and maintains that, far from being advisory, the amended Guidelines, together with the relevant Policy Statement (USSG § 1B1.10 (3/3/08)), establish mandatory limits on this Court's discretion insofar as this Court may decide to reduce Defendant's sentence. As the government points out, §3582(c)(2) expressly requires that any reduction in a defendant's term of imprisonment be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(2). The Policy Statement, in turn, expressly states that, in reducing a defendant's term of imprisonment, "the court shall substitute only the amendments listed ... for the corresponding guideline provisions that were applied when the defendant was [originally] sentenced and shall leave all other guidelines application

3

decisions unaffected" and, further, that the court, with one limited exception, "shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range determined' by the relevant amendment. USSG § 1B1.10((b)(1) and (b)(2)(A). Similarly, the Sentencing Commission's commentary states that:

> Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, *but only within the limits described in subsection (b).*

USSG § 1B1.10 *Application Notes* 1(B)(i) (emphasis supplied). Again, the central dispute here is whether the foregoing language imposes mandatory limits on my discretion to reduce the Defendant's sentence under § 3582(c)(2).

In support of his position that *Booker* renders the new Guidelines advisory in the context of a § 3582(c)(2) proceeding, Defendant relies on the case of *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). In *Hicks*, the defendant was eligible for relief under § 3582(c)(2) due to a retroactive amendment by the Sentencing Commission (Amendment 599),which modified the Guidelines applicable to offenses under 18 U.S.C. § 924(c) – i.e., offenses involving the use and carrying of a firearm during and in relation to a drug trafficking crime. The Ninth Circuit Court of Appeals ruled that the district court erred when, in modifying Mr. Hick's sentence, it treated the new Guidelines as mandatory. The Court held that, "[b]ecause *Booker* abolished the mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not inconsistent with any applicable policy statement, ... *Booker* applies to § 3582(c)(2) proceedings." 472 F.3d at 1169.

In arriving at this conclusion, the Ninth Circuit read *Booker* as basically establishing that the Guidelines' sentencing ranges are to be treated as advisory in all contexts. *See* 472 F.3d at 1170 ("Because a 'mandatory system is no longer an open

choice,' ... district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2).") Though the court acknowledged that § 3582(c)(2) proceedings are not full re-sentencings, it noted that the purpose of such proceedings *"is* to give defendants a new sentence," *id*. at 1171 (emphasis in the original), and it rejected the "dichotomy drawn by the government where full re-sentencings are performed under an advisory system while 'reduction proceedings,' or 'modifications,' rely on a mandatory Guideline system." *Id*. After *Booker*, the court concluded, "[m]andatory Guidelines no longer exist, in this context or any other." *Id*. at 1172. The Ninth Circuit also rejected the government's argument that applying the amended Guidelines in an advisory fashion would run afoul of the Sentencing Commission's Policy Statement. Because they were enacted before *Booker* was decided, the Court noted, "none of these policy statements is applicable to the question of whether, after *Booker*, a court can go below the Guidelines' minimum when modifying a sentence under §3582(c)(2)." *Id*. In any event, the court concluded that, to the extent application of *Booker* in the context of § 3582(c)(2) proceedings would run afoul of the Policy Statements, it is the latter which must give way. *Id*. at 1172-73. "*Booker*," the court reasoned, "was not a mere statutory change which can be set aside to allow us to pretend it is 1993 for the purpose of modifying Hicks' sentence; rather, it provides a constitutional standard which courts may not ignore by treating the Guidelines ranges as mandatory in any context." *Id*. at 1173.

     A review of this newly developing area of the law reveals that the Ninth Circuit's view is not without some support among the district courts. *See, e.g., United States v. Stokes*, No. 6:98-cr-109-Orl-22GJK, 2008 WL 938919 at *4 (M.D. Fla. April 7, 2008) (holding that *Booker* applies to § 3582(c)(2) proceedings); *Hicks v. United States*, No. Crim. 93-0097-02(JR), 2008 WL 630067 (D.D.C. Mar. 6, 2008) (citing *Hicks* as persuasive authority and observing that, if resentencing under § 3582(c)(2) were

appropriate, the court would be inclined to follow it) (dicta); *United States v. Polanco*, No. 02 Cr. 442-02(GEL), 2008 WL 144825 at *2 (S.D.N.Y. Jan. 15, 2008) (expressing doubt as to the viability of the Sentencing Commission's Policy Statement purporting to limit a court's re-sentencing authority under § 3582(c)(2)) (dicta); *United States v. Jones*, No. 97-20005-01-JAR, 2007 WL 2703122 (D. Kan. Sept. 17, 2007) (citing *Hicks* and stating that, "[o]nce there has been such a change in the guidelines [retroactively affecting the defendant's sentence], section 3582(c) can be invoked to grant the court the authority to resentence using the guidelines as advisory.") (dicta); *United States v. Forty Estremera*, 498 F. Supp. 2d 468, 471-72 (D. Puerto Rico 2007) (holding that *Booker* applies to a re-sentencing under § 3582(c)(2)).

On the other hand, although the Third Circuit Court of Appeals has not yet squarely addressed the issue, the district courts within this circuit have thus far rejected *Hicks'* approach. *See, e.g., United States v. Finney*, Criminal No. 99-0101, 2008 WL 2435559 at *2 (W.D. Pa. June 16, 2008) (holding that the Sentencing Commission's policy statements limit the district court's jurisdiction to reduce sentences under § 3582(c)(2) and that *Booker* does not apply to such reductions.) (citing with approval *U.S. v. Julien*, No. 01-CR-25-P-S, 2008 WL 1933340 at *1-2 (D. Me. May 2, 2008)); *United States v. Austin*, Criminal No. 1:CR-01-291-02, 2008 WL 2412949 at *2 (M.D. Pa. June 11, 2008) (granting the defendant relief under § 3582(c)(2) but denying further relief under *Booker* on the ground that it has no application in the context of § 3582(c)(2) proceedings); *United States v. Wright*, Criminal Action No. 93-386-5, 2008 WL 2265272 at *1 (E.D. Pa. June 3, 2008) (expressing agreement with other courts that have denied application of *Booker* on motions under § 3582(c)(2)); *United States v. Rivera*, 535 F. Supp. 2d 527, 531 (E.D. Pa. 2008) ("The Guidelines themselves are advisory but Congress's directive that sentences are final unless reduction would be consistent with Guidelines policy statements remains mandatory.").

In addition, numerous other district courts throughout the country have declined to follow *Hicks*. *See, e.g.*, *United States v. Speights*, — F. Supp. 2d —, —, 2008 WL 2487389 at *4 (S.D. Ala. June 23, 2008) (holding that *Booker* and its progeny do not negate or invalidate the limits imposed by Congress on judicial authority in implementing the § 3582(c)(2) sentence modification mechanism); *United States v. Julien*, No. 01-CR-25-P-S, 2008 WL 1933340 at *1 (D. Me. May 2, 2008) (concluding that Sentencing Commission's policy statements "ultimately serve as a jurisdictional bar" to the imposition of a sentence below the defendant's amended Guidelines range); *United States v. Clarke*, No. 8:05-cr-306-T-23MSS, 2008 WL 1913899 (M.D. Fla. April 28, 2008) ("A re-sentencing under [Amendments 706, 711 and 712] ... presents an occasion only to re-calculate the original guidelines by substituting an offense level two levels lower than the original offense level to determine whether the result reduces the applicable sentence..."); *United States v. Eugene*, Criminal Case No. 7:05cr00111-1, 2008 WL 1803628 (W.D. Va. April 21, 2008) at *1 (granting the defendant a reduction from his original sentence pursuant to § 3582(c)(2) but denying any further reduction below the amended Guidelines range on the ground that *Booker* and its progeny are inapplicable to motions under § 3582(c)(2)); *Montes v. United States*, Nos. 07 Civ. 9869(AKH), 04 Cr. 242(AKH), 2008 WL 906079 at *2 (S.D.N.Y. April 3, 2008) (*Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings and "[a]ny reduction ... can be no greater than that provided by the amendments to the Sentencing Guidelines"); *United States v. Waller*, No. 4:03-CR-226 CEJ, 2008 WL 822118 at *1-2 (E.D. Mo. March 26, 2008) ("Based on the language of the statute and the policy statement, the Court concludes that the maximum relief available to the defendant is the two-level offense level reduction authorized by the amendment to § 2D1.1."); *United States v. Hall*, No. CR02-1018-LRR, 2008 WL 824234 at *1 (N.D. Iowa Mar. 24, 2008) (*Booker* does not apply at a § 3582(c)(2) proceeding); *United States v. Marquez*, No. 02-cr-77-

01-PB, 2008 WL 638251 at *2 (D.N.H. March 5, 2008) (finding "doubtful" defendant's theory that application of the crack amendment opens the door to a full re-sentencing and prospective application of *Booker*) (dicta); *United States v. Cruz*, No. 02-CR-0725 (CPS), 2008 WL 539216 at *4 (E.D.N.Y. Feb. 27, 2008) ("Since section 3582(c)(2)'s requirement that a district court consider whether its reduction is consistent with the Sentencing Commission's Policy Statement is a limitation on a district court's jurisdiction, the Supreme Court's recent Sixth Amendment sentencing jurisprudence, including *Booker*, is not applicable and the district court remains limited by the Policy Statement.").

Having considered the matter carefully, I decline to follow the rule of *Hicks*. Several considerations lead me to this conclusion.

First, the Third Circuit has clearly advised that sentence-reduction proceedings under § 3582(c)(2) are limited in scope and do not constitute full *de novo* re-sentencings. *See United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002) (citation omitted). As the courts in *Finney* and *Julien* noted, the Sixth Amendment concerns which are in play in a full, *de novo* sentencing are not implicated in proceedings under § 3582(c)(2). *See Finney, supra at *3*; *Julien, supra at *2.*

Second, I agree with the views of those district courts which have held that § 3582(c)(2), together with the applicable Policy Statements expressly referenced therein, establish a limited jurisdictional basis within which the district courts may reduce a defendant's sentence. *See United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008 (noting that § 3582(c)(2) provides an exception to the general rule that district courts may not alter a term of imprisonment once it has been imposed: "Accordingly, if the applicable Guidelines range has been lowered after a defendant has been sentenced, a district court may ... reduce the defendant's sentence, but only if the reduction would be consistent with a policy statement issued by the Sentencing

8

Commission.") (citing 18 U.S.C. § 3582(c)(2)). As one district court has explained:

> Congress was not required by the U.S. Constitution to create a sentence modification mechanism at all. Having elected to do so, Congress was free to impose reasonable limits on the courts' jurisdictional authority to perform such modifications. Those limitations do not implicate *Booker* merely because they prevent district courts from exercising unfettered discretion in determining the degree of a sentence modification that may be awarded in a particular case.

*United States v. Speights*, *supra* at *3.

Third, *Hick's* expansive view as to the scope of *Booker*'s application would appear to be at odds with other precedential rules within this circuit. It is now established, for example, that *Booker* lacks application in the context of collateral proceedings under 28 U.S.C. § 2255. *See Lloyd v. United States*, 407 F.3d 608, 613-16 (2005). As the government points out, it would be incongruous if courts interpreted the congressional scheme envisioned by § 3582(c)(2) as triggering a full *Booker* re-sentencing, given that the scope of relief available under § 3582(c)(2) is much more limited than that available under § 2255.

For all of these reasons, I am persuaded that *Booker* does not have application in the context of proceedings under 18 U.S.C. § 3582(c)(2).

B.

I next address the Defendant's contention that he has a right to appear before the Court in any §3582(c)(2) proceeding. Having determined that such proceedings do not constitute a full re-sentencing, *see* USSG § 1B1.10(a)(3), that the scope of such proceedings is circumscribed by the Policy Statement, and that *Booker* has no application in such proceedings, I conclude that Defendant's argument lacks merit. *See* Fed. R. Crim. P. 43(b)(4) (stating that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c)(2). *See also Anderson v. United States*, 241 Fed. Appx. 625, 629, 2007 WL 2050916 at **3 (11th Cir.

9

July 18, 2007) (defendant had no right to be present before the court ruled on his § 3582(c)(2) motion); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (defendant had no right to counsel or a hearing on his § 3582(c)(2) motion); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) (same; noting that "a proceeding under § 3582(c)(2) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution."). As the Seventh Circuit Court of Appeals has observed, this policy "makes good practical sense because a defendant, in the federal penal system, often is hundreds if not thousands of miles away from the courthouse where his sentence was originally imposed." *Tidwell*, 178 F.3d at 949.

C.

Finally, in light of my foregoing conclusions, I must determine an appropriate sentence for the Defendant under the amended Guidelines. To review, the new range applicable to Defendant's offense is 30 to 37 months of incarceration. I have considered the directives set forth in 18 U.S.C. §§ 3582(c) and 3553(a) – including the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(2)(A) and (B) and (a)(6). I also consider and credit the Defendant's representations that he has completed a 40 hour drug program, is currently enrolled in G.E.D. educational classes, and has had no disciplinary infractions while in prison. *See* USSG §1B1.10 Application Note 1(B) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in adjudicating a motion under § 3582(c)(2).) Based on all these considerations, I conclude that a reduction in the

Defendant's sentence to 32 months of incarceration is appropriate, as both parties agree that such a sentence would be proportional to the one originally imposed and the Court sees no compelling basis for a further reduction. Accordingly, an appropriate order will be entered.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA )
)
     v. ) Criminal No. 06-34 Erie
)
DENNIS SHAMMOND ROBINSON )

## O R D E R

AND NOW, this 26th day of June, 2008, for the reasons set forth in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that Defendant's Motion [34] for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED in part and DENIED in part as follows:

    1. Defendant's motion is GRANTED to the extent that his original sentence of 40 months of imprisonment (imposed on December 8, 2006) is reduced to a sentence of 32 months of imprisonment; AND

    2. Defendant's motion is DENIED to the extent he seeks a further reduction in his sentence.

    IT IS FURTHER ORDERED that all other provisions of the Court's December 8, 2006 Judgment shall remain in effect.

                                                  s/    Sean J. McLaughlin

                                                        Sean J. McLaughlin
                                                        United States District Judge

cm:    U.S. Attorney's Office
        Federal Public Defender's Office
        U.S. Probation Office
        Federal Bureau of Prisons
        U.S. Marshal Service